# EXHIBIT A

## PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>IDL COMMUNICATIONS AND ELECTRIC, INC.,<br><br>Debtor. | Case No. 24–42613 (JMM)<br><br>Chapter 11<br>(Subchapter V) |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF WHITE AND WILLIAMS LLP AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO PETITION DATE**

Upon the application (the "**Application**")[1] of IDL Communications and Electric, Inc. (the "**Debtor**"), the above-captioned debtor and debtor-in-possession, for entry an order, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of White and Williams LLP ("**W&W**") as counsel to the Debtor; and upon the statement, declaration or affidavit of James C. Vandermark, which is annexed to the Application (the "**Vandermark Declaration**"); and it appearing that W&W is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's estate; and this Court having determined that employment of W&W by the Debtor is in the best interests of the Debtor, its estate and its creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. Pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ W&W as its counsel, on the terms and conditions set forth in the Application and Vandermark Declaration, effective as of June 20, 2024.

[1] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Application.

2. To the extent the Application or Declaration is inconsistent with this Order, the terms of this Order shall govern.

3. W&W shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, E.D.N.Y. LBR 2016-1 and the Guidelines of the Office of the United States Trustee.

4. W&W shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order of the Court.

5. Prior to any increases in W&W's rates, W&W shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

6. Notwithstanding any provision to the contrary in the Application or the Vandermark Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**NO OBJECTION:**
**WILLIAM K. HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By: ________________________
Marylou Martin, Esq.,
Assistant United States Trustee
Office of the United States Trustee
One Bowling Green, Room 510
New York, New York 10004
(212) 206-6258

Dated: New York, New York
________ __, 2024

________________________________
THE HONORABLE JIL MAZER-MARINO
UNITED STATES BANKRUPTCY JUDGE