# EXHIBIT B

## VANDERMARK DECLARATION

**WHITE AND WILLIAMS LLP**
Heidi J. Sorvino, Esq.
James C. Vandermark, Esq.
Jon T. Powers, Esq.
810 Seventh Avenue, Suite 500
New York, NY 10019
Tel: (212) 244-9500
Email: sorvinoh@whiteandwilliams.com
vandermarkj@whiteandwilliams.com
powerst@whiteandwilliams.com

*Proposed Counsel to IDL Communications and Electric Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IDL COMMUNICATIONS AND ELECTRIC, INC.,<br><br>Debtor. | Case No. 24 – 42613 (JMM)<br><br>Chapter 11<br>(Subchapter V) |

**DECLARATION OF JAMES C. VANDERMARK IN SUPPORT OF APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF WHITE AND WILLIAMS LLP AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, James C. Vandermark, declare under penalty of perjury:

1. I am a partner with White and Williams LLP ("**W&W**"), a law firm with offices primarily located in the northeastern United States, including in New York, Philadelphia, and Boston. I am a member in good standing of the bar of the State of New York, and there are no disciplinary proceedings pending against me.

2. I submit this Declaration in support of the *Application Pursuant to Section 327(a) of the Bankruptcy Code for an Order Authorizing Employment and Retention of White and Williams LLP as Attorneys to the Debtor Nunc Pro Tunc to Petition Date* (the "**Application**")[1]

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

filed by IDL Communications and Electric, Inc. (the "**Debtor**") as debtor and debtor-in-possession herein, and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**) and Rule 2014-1 of the E.D.N.Y. Local Bankruptcy Rules (the "**Local Rules**"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3. To the extent that any information disclosed herein requires subsequent amendment or modification upon W&W's completion of further analysis or as additional information regarding creditors and other parties in interest becomes available, one or more supplemental declarations will be submitted to the Court and the Office of the United States Trustee (the "**US Trustee**") reflecting the same.

**QUALIFICATIONS AND SERVICES TO BE RENDERED BY W&W**

4. W&W has more than 200 attorneys and is well qualified to represent the Debtor in this Chapter 11 case. W&W has extensive general experience and knowledge, and in particular, recognized experience in the field of debtors' and creditors' rights, business reorganizations under Chapter 11 of the Bankruptcy Code, including extensive experience in cases under Subchapter V thereof, and the unique issues involved in construction industry related bankruptcy cases.

5. In preparing for its representation of the Debtor, W&W has gained extensive familiarity with the Debtor's business, financial affairs, and property, as well as the claims that have been asserted against the Debtor. Accordingly, W&W has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtor's chapter 11 case. The Debtor believes that W&W is both well-qualified and uniquely able to represent it in this Chapter 11 case in an efficient and expeditious manner.

6. The employment of W&W is necessary to enable the Debtor to faithfully execute their duties as debtor-in-possession and to develop, propose, and consummate a Chapter 11 plan, to sell its assets under 11 U.S.C. § 363, or to otherwise consummate an orderly liquidation. Subject to further order of this Court, it is proposed that W&W will be employed to:

(a) take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

(b) prepare on behalf of the Debtor, as debtor-in-possession, all necessary motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtor's estate;

(c) prosecute, on behalf of the Debtor, a proposed plan of reorganization or liquidation and all related transactions and any revisions, amendments, etc., relating to the same; and

(d) perform all other necessary legal services in connection with this Chapter 11 case.

## COMPENSATION AND REIMBURSEMENT

7. W&W has rendered legal services to the Debtor prior to the commencement of this Chapter 11 case. W&W has provided legal counsel to the Debtor relating to financial workout issues, negotiations with the Debtor's creditors, and other pre-filing matters. In compliance with 11 U.S.C. § 1195, there is currently no balance remaining due and owing for pre-petition services. As of the Petition Date, W&W is not a creditor of the Debtor.

8. During the ninety (90) day period prior to the commencement of this case, W&W received a retainer totaling approximately $50,000 for professional services to be performed, including the commencement and prosecution of this chapter 11 case.

9. W&W has applied the retainer received to credit the Debtor's account for W&W's charges for professionals' services performed and expenses incurred up to the Petition Date and

has reduced the balance of the credit available to the Debtor by the amount of such charges. W&W is current as of the Petition Date. W&W may request additional compensation be paid from the Debtor's estate or other permissible sources subject to this Court's approval.

10. W&W will seek compensation on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by W&W. W&W's standard hourly rates as charged to bankruptcy and non-bankruptcy clients are as follows:

| | |
|---|---|
| Partners | $500-950 |
| Associates and Counsel | $350-825 |
| Legal Assistants | $165-295 |

11. W&W's hourly rates are subject to periodic adjustments to reflect economic and other conditions. If at any time W&W increases the rates for it services in connection with the representation of the Debtor, W&W will file a supplemental affidavit with the Court describing such increases and provide notice of such increase to the Debtor and the U.S. Trustee.

12. It is W&W's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, without limitation, travel costs, telecommunications, express or overnight mail, messenger services, photocopying costs, document processing, overtime meals, LexisNexis, Westlaw and other computer research-related expenses, court fees, transcript costs, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. W&W intends to seek reimbursement for expenses incurred in connection with its representation of the Debtor in accordance with W&W's normal reimbursement policies, subject to any modifications to such policies that W&W may be required to make to comply with orders of the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and – to the extent

consistent with the foregoing – the guidelines established by the US Trustee (the "**UST Guidelines**").

13. W&W was retained by the Debtor pursuant an Engagement Agreement effective as of April 26, 2024 (the "**Engagement Agreement**"). In accordance with the Engagement Agreement, in connection with the planning and preparation of documents and its proposed postpetition representation of the Debtor, W&W received a retainer in the aggregate amount of $50,000 (the "**Retainer**") from the Debtor.

14. Prior to commencing the instant Chapter 11 case, W&W applied the Retainer to its outstanding balance as of the Petition Date ($31,265.00), which includes fees and expenses associated with the filing of this Chapter 11 Case. After doing so, $18,735.00 of the retainer remained, which will be applied to W&W's postpetition representation of the Debtor as and when authorized by the Court.

15. W&W will apply for compensation for professional services rendered and reimbursement of expense incurred in connection with this Chapter 11 case in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules and any other applicable procedures and orders of the Court.

**DISINTERESTEDNESS OF W&W**

16. In preparing this Declaration, attorneys and employees of W&W compared creditor and interested party information obtained from the Debtor to W&W's database of present and former clients and adverse parties. The database maintained by W&W includes every matter in which the firm is now or has been engaged over at least the past five (5) years, and in each instance, the identity of related parties and adverse parties. It is the policy of W&W that no new matter may be accepted or opened within the firm without completing and submitting to those charged with

maintaining the database the information necessary to check each new matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.

17. Through diligent inquiry, I have ascertained that, except as set forth below, neither I, nor W&W, nor any partner, counsel, or associate thereof, as far as I have been able to ascertain, has any connection with the Debtor, its creditors, the United States Trustee or any other party with an actual or potential interest in this Chapter 11 case or their respective attorneys or accountants. Specifically:

a. W&W attorneys currently represent M&T Bank ("**M&T**"), a creditor of the Debtor, in multiple matters wholly unrelated to the Debtor's instant Chapter 11 case. M&T has been advised of W&W's proposed representation of the Debtor in this Chapter 11 case and has agreed to waive any potential conflict arising therefrom. W&W does not believe that it will be required to take a position adverse to M&T. However, if circumstances arise where the Debtor is required to take such an adverse position in its Chapter 11 Case, the Debtor will apply to this Court to employ outside conflicts counsel. W&W does not represent, and has not represented, any additional entity other than the Debtor in matters related to this Chapter 11 case.

b. From time to time, W&W has represented, and likely will continue to represent, certain creditors of the Debtor or other parties adverse to the Debtor in matters <u>unrelated</u> to the Debtor or this Chapter 11 case. As described below, however, W&W has undertaken a detailed search to determine, and to disclose, whether it represents or has represented any significant creditors, equity security holders,

insiders, or other parties in interest in such unrelated matters. To the best of my knowledge, none of these past or current representations are material to the Debtor.

18. W&W has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations, some of which are or may consider themselves to be creditors or parties in interest in the Debtor's pending Chapter 11 case, or otherwise have interests in this case. Additionally, W&W may represent certain creditors of the Debtor in matters wholly unrelated to the Debtor's bankruptcy case.

19. To check and clear potential conflicts of interest in these case, W&W researched its client database to determine whether it had any relationships with the following entities, whose identities the Debtor provided (collectively, **"Potentially Interested Parties"**):

a. the Debtor;

b. all creditors known as of the date of the Debtor's bankruptcy filing;

c. all equity security holders; and

d. significant parties in interest and/or parties to potential significant transactions or litigation with the Debtor.

20. W&W's research of its relationships indicated that, other than specifically set forth herein, W&W has not previously represented or currently represents any Potentially Interested Parties.

21. In the event W&W receives additional information regarding additional creditors and interested parties, W&W will update the disclosures contained herein in a supplemental declaration to the extent necessary.

22. Based on the foregoing, I believe W&W is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to this

Chapter 11 case as required by section 328(a) of the Bankruptcy Code, and that W&W's partners, counsel, and associates do not hold or represent any interest adverse to this Chapter 11 case or the Debtor's estate. Accordingly, I submit that W&W is qualified for employment by the Debtor under section 327(a) of the Bankruptcy Code to represent and assist the Debtor in discharging its duties.

23. In addition, to the best of my knowledge, information and belief, neither I, W&W, nor any partner, counsel or associate of W&W is a relative of, or has been so connected to, any judge of the United States Bankruptcy Court for the Eastern District of New York, the US Trustee for Region 2, or any employee of the US Trustee for Region 2, as to make the approval of W&W's employment improper. Accordingly, I submit that Bankruptcy Rule 5002 would not prohibit employment of W&W as attorneys for the Debtor.

24. Neither W&W, nor its partners, counsel, or associates, have received or been promised compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code or Bankruptcy Rules.

25. No attorney at W&W is in control of the Debtor or is a relative of the Debtor.

26. No attorney at W&W is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

27. Except as disclosed herein, no attorney at W&W is owed fees for pre-petition services that would constitute a debtor-creditor relationship adverse to the Debtor or holds a security interest, guarantee or other assurance of compensation for services performed and/or to be performed in this case.

28. No agreement or understanding exists between W&W and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for

services rendered in connection with this case, nor shall W&W share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by section 504 of the Bankruptcy Code.

29. To the best of my knowledge and except as disclosed herein, no attorney at W&W has any other interest, direct or indirect, that may be affected by the proposed representation.

30. W&W does not hold or represent any interest adverse to the Debtor or their estates and W&W, its partners, counsel and associates:

a. are not creditors, equity security holders or insiders of the Debtor;

b. are not and were not, within two (2) years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

c. do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

31. Based upon the information available to me, after following the procedures described herein, I submit that W&W is a "disinterested person" as that term is defined in 11 U.S.C. §101(14), as modified by 11 U.S.C. § 1107(b).

I declare under penalty of perjury as provided in 28 U.S.C. § 1746 that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: July 3, 2024

/s/ *James C. Vandermark*
James C. Vandermark, Esq.