UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>IDL Communications and Electric, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-42613 |

**THE PLAN FOR REORGANIZATION OF**
**IDL COMMUNICATIONS AND ELECTRIC, INC.**

**WHITE AND WILLIAMS LLP**
Heidi J. Sorvino
James C. Vandermark
Travis Powers
810 Seventh Ave., Suite 500
New York, NY 10019
(212) 244-9500
sorvinoh@whiteandwilliams.com
vandermarkj@whiteandwilliams.com
powerst@whiteandwilliams.com

*Counsel for Debtor*
*and Debtor in Possession*

Dated: September 18, 2024

# TABLE OF CONTENTS


ARTICLE I DEFINED TERMS, RULES OF INTERPRETATION, COMPUTATION OF TIME AND GOVERNING LAW .....1

1.1. Defined Terms .....1
1.2. Rules of Interpretation .....6
1.3. Computation of Time .....6
1.4. Governing Law .....7
1.5. Reference to Monetary Figures .....7

ARTICLE II ADMINISTRATIVE CLAIMS, PROFESSIONAL FEE CLAIMS, AND PRIORITY TAX CLAIMS .....7

2.1. Administrative Claims .....7
2.2. Priority Tax Claims .....8
2.3. Professional Fee Claims .....8
2.4. Statutory Fees .....8

ARTICLE III CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS .....9

3.1. Classification of Claims and Interests .....9
3.2. Treatment of Claims and Interests .....9
3.3. Special Provision Governing Unimpaired Claims .....11
3.4. Confirmation Pursuant to Sections 1129(a), 1191(a) and 1191(b) of the Bankruptcy Code .....11
3.5. Subordinated Claims .....12
3.6. Elimination of Vacant Classes; Presumed Acceptance by Non-Voting Classes .....12
3.7. Liquidation Analysis .....12
3.8. Anticipated Schedule of Plan Distributions .....12

ARTICLE IV MEANS FOR IMPLEMENTATION OF THIS PLAN .....12

4.1. Implementation. .....12
4.2. Preservation of Causes of Action .....13

ARTICLE V TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES .....13

5.1. Executory Contracts and Unexpired Leases .....13
5.2. Claims Based on Rejection of Executory Contracts or Unexpired Leases .....13
5.3. Cure of Defaults for Executory Contracts and Unexpired Leases Assumed .....13
5.4. Preexisting Obligations under Executory Contracts and Unexpired Leases .....14
5.5. Reservation of Rights .....14
5.6. Nonoccurrence of Effective Date .....15

ARTICLE VI PROVISIONS GOVERNING DISTRIBUTIONS .....15

6.1. Disbursements .....15
6.2. Timing and Calculation of Amounts to Be Distributed .....15
6.3. Delivery of Distributions and Undeliverable or Unclaimed Distributions .....15

6.4. Compliance with Tax Requirements ..... 16
6.5. Allocations ..... 16
6.6. No Post-petition Interest on Claims ..... 16
6.7. Setoffs and Recoupment ..... 17

ARTICLE VII PROCEDURES FOR RESOLVING CONTINGENT, UNLIQUIDATED AND DISPUTED CLAIMS ..... 17

7.1. Allowance of Claims ..... 17
7.2. Claims Objection Deadline ..... 17
7.3. Estimation of Claims ..... 17
7.4. Adjustment to Claims without Objection ..... 18
7.5. Disallowance of Claims ..... 18
7.6. No Distributions Pending Allowance ..... 18
7.7. Distributions after Allowance ..... 18

ARTICLE VIII SETTLEMENT, RELEASE, INJUNCTION AND RELATED PROVISIONS ..... 19

8.1. Settlement, Compromise, and Release of Claims and Interests ..... 19
8.2. Release of Liens ..... 19
8.3. Injunction ..... 19
8.4. Term of Injunctions or Stays ..... 20
8.5. Exculpation ..... 20

ARTICLE IX RETENTION OF JURISDICTION ..... 21

9.1. Retention of Jurisdiction ..... 21

ARTICLE X CONDITIONS PRECEDENT TO CONSUMMATION OF THE PLAN ..... 21

10.1. Conditions to the Effective Date ..... 21
10.2. Waiver of Conditions ..... 21

ARTICLE XI CLOSING THE CASE ..... 22

11.1. Discharge ..... 22
11.2. Post-Confirmation Reporting ..... 22
11.3. Closing the Case ..... 22

ARTICLE XII MISCELLANEOUS PROVISIONS ..... 22

12.1. Substantial Consummation ..... 22
12.2. Immediate Binding Effect ..... 23
12.3. Successors and Assigns ..... 23
12.4. Notices ..... 23
12.5. Entire Agreement ..... 23
12.6. Non-Severability of Plan Provisions ..... 23
12.7. Votes Solicited in Good Faith ..... 24
12.8. Waiver or Estoppel ..... 24
12.9. Conflicts ..... 24

## INTRODUCTION

IDL Communications and Electric, Inc. (the "**Debtor**"), as the debtor and debtor in possession in the above-captioned proceedings, hereby proposes the following Plan for Reorganization of IDL Communications and Electric, Inc. (the "**Plan**") pursuant to the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"):

## ARTICLE I
## DEFINED TERMS, RULES OF INTERPRETATION, COMPUTATION OF TIME AND GOVERNING LAW

### 1.1. Defined Terms

As used in this Plan, capitalized terms have the meanings ascribed to them below.

1.1.1 "**Administrative Claim**" means a Claim for the costs and expenses of administration of the Estate under section 503(b), 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred on or after the Petition Date of preserving the Estate and operating the business of the Debtor; and (b) Allowed Professional Fee Claims in this Chapter 11 Case.

1.1.2 "**Administrative Claim Bar Date**" means the deadline for filing requests for payment of Administrative Claims, which shall be (a) 30 days after the Confirmation Date with respect to Claims that arose before the Confirmation Date; (b) 30 days after the Effective Date with respect to Claims that arose on or after the Confirmation Date; (c) the deadline for filing requests for payment of Administrative Claims arising under section 503(b)(9) of the Bankruptcy Code as set forth in that certain *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [ECF. No. 42]; and (d) any other date(s) established by the Bankruptcy Court by which such Claims must be filed pursuant to court order.

1.1.3 "**Allowed**" means with respect to any Claim, except as otherwise provided in the Plan: (a) a Claim that is evidenced by a Proof of Claim by the Bar Date (or for which Claim under the Plan, the Bankruptcy Code or pursuant to a Final Order a Proof of Claim is not or shall not be required to be filed with the Bankruptcy Court); (b) a Claim that is listed in the Schedules as not contingent, not unliquidated, and not disputed, and for which no Proof of Claim, as applicable has been timely filed with the Bankruptcy Court; or (c) a Claim Allowed pursuant to the Plan or a Final Order of the Bankruptcy Court; provided that with respect to a Claim described in clauses (a) and (b) above, such Claim shall be considered Allowed only if and to the extent that, with respect to such Claim, no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or such an objection is so interposed and the Claim, as applicable, shall have been Allowed by a Final Order. Except as otherwise specified in the Plan or any Final Order, and except for any Claim that is Secured by property of a value in excess of the principal amount of such Claim, the amount of an Allowed Claim shall not include interest on such Claim from and after the Petition Date. For purposes of determining the amount of an Allowed Claim, there shall be deducted therefrom an amount equal to the amount of any Claim that the Debtors may hold

against the Holder thereof, to the extent such claim may be offset, recouped, or otherwise reduced under applicable law. Any Claim that has been or is hereafter listed in the Schedules as contingent, unliquidated, or disputed, and for which no Proof of Claim is or has been timely filed with the Bankruptcy Court, is not considered Allowed and shall be expunged without further action by the Debtor and without further notice to any party or action, approval, or order of the Bankruptcy Court. Notwithstanding anything to the contrary herein, no Claim of any entity subject to section 502(d) of the Bankruptcy Code shall be deemed Allowed unless and until such entity pays in full the amount that it owes the Debtor. For the avoidance of doubt, a Proof of Claim filed with the Bankruptcy Court after the Bar Date shall not be Allowed for any purposes whatsoever absent entry of a Final Order allowing such late-filed Claim.

1.1.4 "**Assets**" means all of the Debtor's rights, title, and interests in all of the Debtor's assets, wherever held, including without limitation (i) the Debtor's interest in the Real Property together win any and all rights, interests and appurtenances of any nature belonging, relating or pertaining thereto, including any and all development and air rights, and (ii) any and all contracts, instruments, plans, specifications, permits, rights, easements, variances, licenses, approvals, leases, and other agreements relating to the Real Property.

1.1.5 "**Avoidance Actions**" means any and all actual or potential Causes of Action to avoid a transfer of property or an obligation incurred by the Debtor pursuant to chapter five of the Bankruptcy Code or under similar or related state or federal statutes and common law, including fraudulent transfer laws. For the avoidance of doubt, Avoidance Actions shall not include any claims transferred to the Purchaser(s) pursuant to the Purchase Agreement.

1.1.6 "**Bankruptcy Court**" means the United States Bankruptcy Court for the Eastern District of New York having jurisdiction over the Chapter 11 case.

1.1.7 "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as applicable to the Chapter 11 case, promulgated under section 2075 of the Judicial Code and the general, local and chambers rules of the Bankruptcy Court.

1.1.8 "**Bar Dates**" means the dates established by the Bankruptcy Court by which Proofs of Claims must be filed with the Bankruptcy Court pursuant to that certain *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [ECF. No. 42].

1.1.9 "**Business Day**" means any day, other than a Saturday, Sunday or "legal holiday" (as defined in Bankruptcy Rule 9006(a)(6)).

1.1.10 "**Cash**" means cash and cash equivalents, including bank deposits, checks, and other similar items in legal tender of the United States of America.

1.1.11 "**Causes of Action**" means any actions, claims, cross claims, third-party claims, interests, damages, controversies, remedies, causes of action, debts, judgments, demands, rights, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, liens, indemnities, guaranties, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable directly or derivatively, matured or

unmatured, suspected or unsuspected, disputed or undisputed, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law or otherwise. Causes of Action also include: (a) any rights of setoff, counterclaim, or recoupment and any claims under contracts or for breaches of duties imposed by law or in equity; (b) the right to object to or otherwise contest Claims or Interests; (c) claims pursuant to section 362 or chapter 5 of the Bankruptcy Code; (d) any claims or defenses, including fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (e) any Avoidance Action. For avoidance of doubt, Causes of Action shall not include any claims transferred to the Purchaser(s) pursuant to the Purchase Agreement.

1.1.12 "**Claim**" means any claim, as such term is defined in section 101(5) of the Bankruptcy Code, against the Debtor.

1.1.13 "**Claims Objection Deadline**" means sixty (60) days after the Effective Date.

1.1.14 "**Class**" means a class of Claims or Interests as set forth in Article III of the Plan in accordance with section 1122(a) of the Bankruptcy Code.

1.1.15 "**Confirmation**" means the Bankruptcy Court's entry of the Confirmation Order on the docket of the Chapter 11 case within the meaning of Bankruptcy Rules 5003 and 9021.

1.1.16 "**Confirmation Date**" means the date upon which the Bankruptcy Court enters the Confirmation Order on the docket of the chapter 11 case, within the meaning of Bankruptcy Rules 5003 and 9021.

1.1.17 "**Confirmation Hearing**" means the hearing held by the Bankruptcy Court to consider Confirmation of the Plan pursuant to sections 1128 and 1129 of the Bankruptcy Code.

1.1.18 "**Confirmation Order**" means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

1.1.19 "**Disputed**" means, with respect to any Claim or Interest, any Claim or Interest that is not yet Allowed.

1.1.20 "**Effective Date**" means the date that is the first Business Day after the Confirmation Date on which (a) the conditions to the occurrence of the Effective Date have been satisfied or waived pursuant to this Plan, (b) no stay of the Confirmation Order is in effect, and (c) the Debtor declares the Plan effective. Any action to be taken on the Effective Date may be taken on or as soon as reasonably practicable thereafter.

1.1.21 "**Estate**" means the estate created on the Petition Date for the Debtor in the chapter 11 case pursuant to section 541 of the Bankruptcy Code and all property (as defined in section 541 of the Bankruptcy Code) acquired by the Debtor after the Petition Date through the Effective Date.

1.1.22 "**Exculpated Parties**" means the Debtor and the Subchapter V Trustee, and each of their respective Related Persons and professionals.

1.1.23 "**Executory Contract**" means a contract to which the Debtor is a party and that is subject to assumption or rejection under section 365 or 1123 of the Bankruptcy Code.

1.1.24 "**File**" or "**Filed**" means file or filed with the Bankruptcy Court or its authorized designee in the Chapter 11 case.

1.1.25 "**Final Order**" means, as applicable, an order or judgment of the Bankruptcy Court or other court of competent jurisdiction with respect to the relevant subject matter, which has not been reversed, stayed, modified or amended, and as to which the time to appeal, petition for certiorari, or move for reargument, reconsideration, or rehearing has expired and no appeal, petition for certiorari, or motion for reargument, reconsideration, or rehearing has been timely taken or filed, or as to which any appeal, petition for certiorari, or motion for reargument, reconsideration, or rehearing that has been taken or any petition for certiorari that has been or may be filed has been resolved by the highest court to which the order or judgment could be appealed or from which certiorari could be sought or the new trial, reargument or rehearing shall have been denied, resulted in no modification of such order or has otherwise been dismissed with prejudice; provided, however, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure or any comparable rule of the Bankruptcy Rules may be filed relating to such order shall not cause such order to not be a Final Order.

1.1.26 "**General Unsecured Claim**" means any Claim other than an Administrative Claim (including a Professional Fee Claim), a Secured Claim, a Priority Tax Claim, or an Other Priority Claim.

1.1.27 "**Governmental Unit**" has the meaning set forth in section 101(27) of the Bankruptcy Code.

1.1.28 "**Holder**" means a holder of a Claim or Interest, as applicable.

1.1.29 "**Impaired**" means, with respect to a Class of Claims or Interests, a Class of Claims or Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

1.1.30 "**Interest**" means any equity security in the Debtor as defined in section 101(16) of the Bankruptcy Code.

1.1.31 "**Judicial Code**" means title 28 of the United States Code, 28 U.S.C. §§ 1-4001, as now in effect or hereafter amended, and the rules and regulations promulgated thereunder.

1.1.32 "**Lien**" means a lien as defined in section 101(37) of the Bankruptcy Code.

1.1.33 "**Other Priority Claim**" means any Claim, to the extent such Claim has not already been paid during the chapter 11 case, other than an Administrative Claim or a Priority Tax Claim, entitled to priority in right of payment under section 507(a) of the Bankruptcy Code.

1.1.34 "**Petition Date**" means June 20, 2024, the date on which the Debtor commenced the chapter 11 case.

1.1.35 "**Priority Tax Claim**" means any Claim of a Governmental Unit of the kind specified in section 507(a)(8) of the Bankruptcy Code.

1.1.36 "**Professional**" means an entity retained pursuant to a Bankruptcy Court order in accordance with sections 327 or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred pursuant to sections 327, 328, 329, 330, 331, and 363 of the Bankruptcy Code.

1.1.37 "**Professional Fee Claim**" means a Claim by a Professional seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date under sections 328, 330, 331, 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code.

1.1.38 "**Professional Fee Reserve**" means an interest-bearing escrow account to hold an amount of Cash equal to the Professional Fee Claim Amount.

1.1.39 "**Proof of Claim**" means a written proof of Claim Filed against any of the Debtors in the chapter 11 case.

1.1.40 "**Related Parties**" means as to any person, such person's current and former direct and indirect equity holders, members, partners, subsidiaries, affiliates, funds, managers, investors, managing members, officers, directors, employees, advisors, principals, attorneys, professionals, accountants, investment bankers, consultants, agents and other representatives (including their respective equity holders, members, partners, subsidiaries, affiliates, funds, managers, managing members, officers, directors, employees, advisors, principals, attorneys, professionals, accountants, investment bankers, consultants, agents and other representatives).

1.1.41 "**Schedules**" means, collectively, the schedules of assets and liabilities, schedules of Executory Contracts and Unexpired Leases and statements of financial affairs filed by the Debtor pursuant to section 521 of the Bankruptcy Code, as such schedules may be amended, modified, or supplemented from time to time.

1.1.42 "**Secured**" means when referring to a Claim: (a) secured by a Lien on property in which the Estate has an interest, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order, or that is subject to setoff pursuant to section 553 of the Bankruptcy Code, to the extent of the value of the creditor's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code or (b) Allowed pursuant to the Plan as a Secured Claim.

1.1.43 "**Subchapter V Trustee**" means Samuel Dawidowicz, CPA, solely in their role as a trustee appointed by the US Trustee pursuant to 11 U.S.C. § 1183(a) as set forth in the *Notice of Appointment of Subchapter V Trustee* [ECF No. 4].

1.1.44 "**US Trustee**" means the Office of the United States Trustee for the Eastern District of New York.

1.1.45 "**Unexpired Lease**" means a lease to which the Debtor is a party that is subject to assumption or rejection under section 365 or section 1123 of the Bankruptcy Code.

1.1.46 "**Unimpaired**" means, with respect to a Class of Claims or Interests, a Class of Claims or Interests that is unimpaired within the meaning of section 1124 of the Bankruptcy Code.

### 1.2. Rules of Interpretation

For purposes of this Plan, unless otherwise provided herein: (1) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and the neuter gender; (2) any reference herein to a contract, lease, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions; (3) any reference herein to an existing document, schedule, or exhibit, whether or not Filed, having been Filed or to be Filed shall mean that document, schedule, or exhibit, as it may thereafter be amended, restated, supplemented, or otherwise modified; (4) any reference to an entity as a Holder of a Claim or Interest includes that entity's successors and assigns; (5) unless otherwise specified, all references herein to "Articles" are references to Articles of the Plan or hereto; (6) unless otherwise specified, the words "herein," "hereof," and "hereto" refer to the Plan in its entirety rather than to a particular portion of the Plan; (7) subject to the provisions of any contract, certificate of incorporation, bylaw, instrument, release, or other agreement or document entered into in connection with the Plan, the rights and obligations arising pursuant to the Plan shall be governed by, and construed and enforced in accordance with, applicable federal law, including the Bankruptcy Code and the Bankruptcy Rules, or, if no rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules) or otherwise specifically stated, the laws of the State of New York, without giving effect to the principles of conflict of laws; (8) captions and headings to Articles are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; (9) unless otherwise specified herein, the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; (10) all references to docket numbers of documents Filed in the chapter 11 case are references to the docket numbers under the Bankruptcy Court's CM/ECF system; (11) all references to statutes, regulations, orders, rules of courts, and the like shall mean as amended from time to time, and as applicable to the chapter 11 case, unless otherwise stated; (12) any references herein to the Effective Date shall mean the Effective Date or as soon as reasonably practicable thereafter; (13) all references herein to consent, acceptance, or approval shall be deemed to include the requirement that such consent, acceptance, or approval be evidenced by a writing, which may be conveyed by counsel for the respective parties that have such consent, acceptance, or approval rights, including by electronic mail (14) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

### 1.3. Computation of Time

Unless otherwise specifically stated herein, the provision of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein. If the date on which a

transaction may occur pursuant to the Plan shall occur on a day that is not a Business Day, then such transaction shall instead occur on the next succeeding Business Day. Any action to be taken on the Effective Date may be taken on or as soon as reasonably practicable after the Effective Date.

### 1.4. Governing Law

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New York, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

### 1.5. Reference to Monetary Figures

All references in the Plan to monetary figures shall refer to currency of the United States of America, unless otherwise expressly provided.

## ARTICLE II
## ADMINISTRATIVE CLAIMS, PROFESSIONAL FEE CLAIMS, AND PRIORITY TAX CLAIMS

In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, and Priority Tax Claims have not been classified and, thus, are excluded from the Classes of Claims and Interests set forth in Article III.

### 2.1. Administrative Claims

**2.1.1** The Debtor must pay all Allowed Administrative Claims in full. If an Administrative Claim is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Claim. Any Administrative Claim that is undisputed and is due and owing on the Effective Date must be paid in accordance with this Plan, or upon such other terms as agreed upon by the Debtor and the Holder of an Administrative Claim or court order. If the Administrative Claim is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

**2.1.2** There are several types of Administrative Claims, including the following:

a. If the Debtor trades in the ordinary course of business following its filing of the Bankruptcy Case, creditors are entitled to be paid in full for the goods or services provided. This ordinary trade debt incurred by the Debtor after the Petition Date will be paid on an ongoing basis in accordance with the ordinary business practices and terms between the Debtor and its trade Creditors.

b. If the Debtor received goods it has purchased in the ordinary course of business within 20 days before the Petition Date, the value of the goods received may give rise to an Administrative Claim.

c. Administrative Claims also include any post-petition fees and expenses allowed to professionals, including the allowed claim of the Subchapter V Trustee for fees and/or reimbursements, and for attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Bankruptcy Case. These professional fees and expenses must be approved by the Bankruptcy Court prior to payment.

**2.1.3** Except as otherwise provided in this Article II and except with respect to Administrative Claims that are Professional Fee Claims or subject to 11 U.S.C. § 503(b)(1)(D), requests for payment of Allowed Administrative Claims must be Filed and served on the Debtor no later than the Administrative Claims Bar Date. Holders of Administrative Claims that are required to, but do not, File and serve a request for payment of such Administrative Claim by such date shall be forever barred, estopped, and enjoined from asserting such Administrative Claim against the Debtor or its property, and such Administrative Claim shall be deemed satisfied, settled, and released as of the Administrative Claims Bar Date. Objections to such requests, if any, must be Filed and served on the Debtor and the requesting party.

**2.1.4** Each Holder of an Allowed Administrative Claim, other than Professional Fee Claims, and except to the extent that an Administrative Claim or Priority Tax Claim has already been satisfied during the chapter 11 case or the Holder of an Administrative Claim or Priority Tax Claim and the Debtor agree to less favorable treatment, shall receive, in full and final satisfaction, compromise, settlement, and release of and in exchange for its Claim, Cash equal to the unpaid portion of such Allowed Administrative Claim.

## 2.2. Priority Tax Claims

The legal and equitable rights of the Holders of Priority Tax Claims, if any, are Unimpaired by this Plan. Unless the Holder of an Allowed Priority Tax Claim agrees to less favorable treatment, each Holder of an Allowed Priority Tax Claim shall receive, at the option of the Debtor, (a) Cash equal to the amount of the Allowed Priority Tax Claim on the later of the Effective Date and the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, or as soon as reasonably practicable thereafter or (b) installment payments in accordance with section 1129(a)(9)(C).

## 2.3. Professional Fee Claims

Professionals shall submit final fee applications seeking approval of all Professional Fee Claims by the Bankruptcy Court no later than thirty (30) days after the Effective Date. These applications remain subject to Bankruptcy Court approval under the standards established by the Bankruptcy Court, including the requirements of sections 327, 328, 330, 331, 363, 503(b), and 1103 of the Bankruptcy Code, as applicable. Unless a Professional agrees to a less favorable treatment, within thirty (30) days from the approval of a Professional’s final fee application by the Bankruptcy Court, such Professional shall receive payment of its Allowed Professional Fee Claims from the Debtor.

## 2.4. Statutory Fees

All fees due and payable pursuant to section 1930 of Title 28 of the United States Code before the Effective Date, if any, shall be paid by the Debtor. On and after the Effective Date, to

the extent applicable, the Debtor shall pay any and all such fees when due and payable in the ordinary course of business. The US Trustee fees, if any, are Unimpaired under the Plan.

# ARTICLE III
# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

## 3.1. Classification of Claims and Interests

3.1.1 Except for the Claims addressed in Article II of the Plan, all Claims and Interests are classified in the Classes set forth in this Article III for all purposes, including voting, Confirmation, and distributions pursuant to the Plan and in accordance with section 1122 and 1123(a) of the Bankruptcy Code. A Claim or an Interest is classified in a particular Class only to the extent that such Claim or Interest qualifies within the description of that Class and is classified in other Classes to the extent that any portion of such Claim or Interest qualifies within the description of such other Classes. A Claim or an Interest also is classified in a particular Class for the purpose of receiving distributions under the Plan only to the extent that such Claim or Interest is an Allowed Claim or Allowed Interest in that Class and has not been paid, released, or otherwise satisfied prior to the Effective Date.

3.1.2 The classification of Claims and Interests against the Debtor pursuant to the Plan is as set forth below. All of the potential Classes for the Debtor are set forth herein.

| Class | Claim/Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Secured Tax Claims | Unimpaired | Not Entitled to Vote (deemed to Accept) |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (deemed to Accept) |
| 3 | Other Priority Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired. | Entitled to Vote |
| 5 | Interests in Debtor | Unimpaired. | Not Entitled to Vote (deemed to Accept) |

## 3.2. Treatment of Claims and Interests

Each Holder of an Allowed Claim or Allowed Interest, as applicable, shall receive under the Plan the treatment described below in full and final satisfaction, compromise, settlement, and release of, and in exchange for, such Holder’s Allowed Claim or Allowed Interest, except to the extent different treatment is agreed to by the Debtor and the Holder of such Allowed Claim or Allowed Interest, as applicable. Unless otherwise indicated, the Holder of an Allowed Claim or Allowed Interest, as applicable, shall receive such treatment on the later of the Effective Date and the date such Holder’s Claim or Interest becomes an Allowed Claim or Allowed Interest or as soon as reasonably practicable thereafter.

3.2.1 <u>Class 1 – Secured Tax Claims</u>

a. Classification: Class 1 consists of all Secured Tax Claims.

b. Treatment: Except to the extent that a Holder of an Allowed Secured Tax Claim agrees to less favorable treatment, on or as soon as reasonably practicable after the later of (i) the Effective Date if such Secured Tax Claim is an Allowed Secured Claim on the Effective Date or (ii) the date on which such Secured Tax claim becomes an Allowed Secured Tax Claim,, each Holder of an Allowed Secured Tax Claim shall receive in full and final satisfaction, settlement, and release, and in exchange for, such Allowed Secured Tax Claim and any Lien securing such Claim, at the option of the Debtor:

(x) payment in full in Cash;

(y) the applicable collateral in satisfaction of the Allowed amount of such Secured Tax Claim; or

(z) installment payments in accordance with section 1129(a)(9)(C) that the Holder of such Secured Tax Claim would be entitled to receive if the Holder of such Secured Tax Claim did not have a Lien securing such Claim.

c. Voting: Class 1 is unimpaired under the Plan. Holders of Secured Tax Claims are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Such Holders are not entitled to vote to accept or reject the Plan

3.2.2 <u>Class 2 – Other Secured Claims</u>

a. Classification: Class 2 is comprised of the Other Secured Claims.

b. Treatment: Except to the extent that a Holder of an Allowed Other Secured Claim agrees to less favorable treatment, on or as soon as reasonably practicable after the later of (i) the Effective Date if such Other Secured Claim is an Allowed Other Secured Claim on the Effective Date or (ii) the date on which such Other Secured Tax claim becomes an Allowed Other Secured Claim, each Holder of an Allowed Other Secured Claim shall receive in full and final satisfaction, settlement, and release, and in exchange for, such Allowed Other Secured Claim and any Lien securing such Claim, at the option of the Debtor: (x) payment in full in Cash, or (y) the return of the applicable collateral in satisfaction of the Allowed amount of such Secured Tax Claim

c. Voting: Class 2 is unimpaired under the Plan. Holders of Other Secured Claims are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Such Holders are not entitled to vote to accept or reject the Plan.

3.2.3 <u>Class 3 – Other Priority Claims</u>

a. Classification: Class 3 consists of all Other Priority Claims.

b. Treatment: On the Effective Date, or as soon as reasonably practicable, except to the extent that a Holder of an Allowed Other Priority Claim agrees to less favorable treatment, in full and final satisfaction, compromise, settlement, and release of and in exchange for each Allowed Other Priority Claim, shall receive installment payments similar to Priority Tax Claims under section 1129(a)(9)(C).

c. Voting: Class 3 is Impaired under the Plan. Holders of Other Priority Claims are entitled to vote to accept or reject the Plan.

3.2.4 Class 4 – General Unsecured Claims

a. Classification: Class 4 consists of all General Unsecured Claims.

b. Treatment: On the Effective Date, or as soon as reasonably practicable thereafter, except to the extent that a Holder of an Allowed General Unsecured Claim agrees to less favorable treatment, in full and final satisfaction, compromise, settlement, and release of and in exchange for each Allowed General Unsecured, each Holder of an Allowed General Unsecured claim shall receive a Pro Rata share, if any, of the General Claims Reserve.

c. Voting: Class 4 is Impaired under the Plan. Holders of General Unsecured Claims are entitled to vote to accept or reject the Plan.

3.2.5 Class 5 – Interests in Debtor

a. Classification: Class 5 consists of all Interests in the Debtor.

b. Treatment: Insofar as the Debtor is proceeding under Subchapter V of Chapter 11, the Bankruptcy Code permits the Debtor's existing equity interest holders to retain their equity interests even if the Plan does not provide that unsecured creditors will be paid in full. *See* 11 U.S.C. § 1181(a). The Holders of Interests will retain their interests in the Debtor and shall be eligible to receive residual surplus, if any, after payment in full of the Administrative Claims, Priority Tax Claims, Professional Fee Claims, Statutory Fees, and those Claims classified in Classes 1-4 as set forth in Article III.

c. Voting: Class 5 is unimpaired under the Plan. Holders of Interests in the Debtor are deemed to have accepted and are not eligible to vote to accept or reject the Plan.

**3.3. Special Provision Governing Unimpaired Claims**

Except as otherwise provided in the Plan, nothing under the Plan shall affect the Debtor's rights in respect of any Claims that are Unimpaired, including all rights in respect of legal and equitable defenses to or setoffs or recoupments against any such Claims that are Unimpaired. Unless otherwise Allowed, Claims that are Unimpaired shall remain Disputed Claims under the Plan.

**3.4. Confirmation Pursuant to Sections 1129(a), 1191(a) and 1191(b) of the Bankruptcy Code**

Pursuant to section 1191(a) of the Bankruptcy Code, the Bankruptcy Court shall confirm the Plan if all of the requirements of Section 1129(a), other than paragraph (15) of that section, are met. The Debtor seeks Confirmation of the Plan pursuant to section 1191(b) of the Bankruptcy Code with respect to any Class of Claims or Interests that does not accept the Plan. The Debtor reserves the right to modify the Plan to the extent, if any, that Confirmation pursuant to section 1191(b) of the Bankruptcy Code requires modification.

**3.5. Subordinated Claims**

3.5.1 Except as expressly provided herein, the allowance, classification, and treatment of all Allowed Claims and Interests and the respective distributions and treatments under the Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise. Pursuant to section 510 of the Bankruptcy Code, the Debtor reserves the right to reclassify any Allowed Claim or Interest in accordance with any contractual, legal, or equitable subordination relating thereto.

**3.6. Elimination of Vacant Classes; Presumed Acceptance by Non-Voting Classes**

3.6.1 Any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Allowed Interest or a Claim or Interest temporarily Allowed by the Bankruptcy Court in an amount greater than zero as of the date of the Confirmation Hearing shall be considered vacant and deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

3.6.2 If a Class contains Claims or Interests eligible to vote and no Holders of Claims or Interests eligible to vote in such Class vote to accept or reject the Plan, the Holders of such Claims or Interests in such Class shall be deemed to have accepted the Plan.

**3.7. Liquidation Analysis**

To confirm the Plan, the Court must find that all Holders of Claims and Interests who do not accept the Plan will receive at least as much under the Plan as such Holder of Claim or Interest would receive in a chapter 7 liquidation. The liquidation analysis required by 11 U.SC. § 1190 is attached to the Plan as Exhibit 3.13.

**3.8. Anticipated Schedule of Plan Distributions**

Based on the foregoing treatment of Claims and Interests, the Debtor anticipates it will make distributions in accordance with the schedule set forth in Exhibit 3.14.

## ARTICLE IV
## MEANS FOR IMPLEMENTATION OF THIS PLAN

**4.1. Implementation.**

The Plan shall be implemented under the direction of the Debtor and shall be funded by the ongoing operations of the Debtor. The entry of the Confirmation Order shall vest all assets of the Debtor in the Reorganized Debtor, free and clear of all Claims of creditors, except as specifically provided in the Plan. The Debtor's projected revenues and expenses for the relevant post-confirmation periods are annexed hereto as Exhibit 4.1.

**4.2. Preservation of Causes of Action**

Except as otherwise provided in the Plan, or in any contract, instrument, release or other agreement entered into or effected in connection with or pursuant to the Plan, in accordance with section 1123(b) of the Bankruptcy Code, any and all claims and causes of action that were owned by the Debtor or the Estate on the Effective Date shall vest in the Estate on the Effective Date and the Debtor shall have the exclusive right to pursue and enforce any such claim and causes of action. For the avoidance of doubt, any claims or causes of action against the Released Parties, have been released.

## ARTICLE V
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**5.1. Executory Contracts and Unexpired Leases**

On the Effective Date, except as otherwise provided herein, each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned, shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (1) is specifically described in Exhibit 5.1 of this Plan as an Executory Contract or Unexpired Lease to be assumed in connection with confirmation of the Plan; (2) is subject to a pending motion to assume such Unexpired Lease or Executory Contract as of the Effective Date; (3) is to be assumed by the Debtor or assumed by the Debtor and assigned to another third party, as applicable, in connection with the any sale transaction; or (4) is a contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan.

**5.2. Claims Based on Rejection of Executory Contracts or Unexpired Leases**

Unless otherwise provided by a Final Order of the Bankruptcy Court, all Proofs of Claims with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, pursuant to the Plan or the Confirmation Order, if any, must be Filed with the Bankruptcy Court within 30 days after the later of the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such rejection. **Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed with the Bankruptcy Court within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtor, the Estate, or their property without the need for any objection by the Debtor or further notice to, or action, order, or approval of the Bankruptcy Court or any other entity, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully satisfied and released, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.** All Allowed Claims arising from the rejection of the Debtor's Executory Contracts or Unexpired Leases shall be classified as General Unsecured Claims.

**5.3. Cure of Defaults for Executory Contracts and Unexpired Leases Assumed**

5.3.1 Any monetary defaults under each Executory Contract and Unexpired Lease to be assumed (or assumed and assigned) pursuant to the Plan shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in Cash on the Effective

Date, subject to the limitation described below, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may otherwise agree. In the event of a dispute regarding (1) the amount of any payments to cure such a default, (2) the ability of the Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed (or assumed and assigned), or (3) any other matter pertaining to assumption (or assumption and assignment), the cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a Final Order or orders resolving the dispute and approving the assumption (or assumption and assignment). At least ten days prior to the Confirmation Hearing, the Debtor shall provide for notices of proposed assumption (or assumption and assignment) and proposed cure amounts to be sent to applicable third parties and for procedures for objecting thereto and resolution of disputes by the Bankruptcy Court. Any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption (or assumption and assignment) or related cure amount must be Filed, served, and actually received by the Debtor at least three days prior to the Confirmation Hearing. Any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption (or assumption and assignment) or cure amount will be deemed to have assented to such assumption (or assumption and assignment) or cure amount.

5.3.2 Assumption (or assumption and assignment) of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed (or assumed and assigned) Executory Contract or Unexpired Lease at any time prior to the effective date of assumption (or assumption and assignment). **Any Proofs of Claims Filed with respect to an Executory Contract or Unexpired Lease that has been assumed (or assumed and assigned) shall be deemed disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court.**

## 5.4. Preexisting Obligations under Executory Contracts and Unexpired Leases

Rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall not constitute a termination of preexisting obligations owed to the Debtor under such Executory Contracts or Unexpired Leases. In particular, notwithstanding any non-bankruptcy law to the contrary, the Debtor expressly reserves and does not waive any right to receive, or any continuing obligation of a counterparty to provide, warranties or continued maintenance obligations on goods previously purchased by the Debtor contracting from non-Debtor counterparties to rejected Executory Contracts or Unexpired Leases.

## 5.5. Reservation of Rights

Neither the assumption or the rejection of any Executory Contract or Unexpired Lease, nor anything contained in the Plan, shall constitute an admission by the Debtor that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that the Debtor has any liability thereunder. If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection, the Debtor shall have 30 days following entry of a Final Order resolving such dispute to alter its treatment of such contract or lease under the Plan.

**5.6. Nonoccurrence of Effective Date**

In the event that the Effective Date does not occur, the Bankruptcy Court shall retain jurisdiction with respect to any request to extend the deadline for assuming or rejecting Unexpired Leases pursuant to section 365(d)(4) of the Bankruptcy Code.

## ARTICLE VI
## PROVISIONS GOVERNING DISTRIBUTIONS

**6.1. Disbursements**

All distributions under the Plan shall be made by the Debtor, who shall not be required to give any bond or other security or the performance of its duties unless otherwise ordered by the Bankruptcy Court.

**6.2. Timing and Calculation of Amounts to Be Distributed**

Unless otherwise provided in the Plan, on the Effective Date (or if a Claim is not an Allowed Claim or Allowed Interest on the Effective Date, on the date that such Claim or Interest becomes an Allowed Claim or Allowed Interest, or as soon as reasonably practicable thereafter), or as soon as is reasonably practicable thereafter, each Holder of an Allowed Claim or Allowed Interests (as applicable) shall receive the full amount of the distributions that the Plan provides for Allowed Claims or Allowed Interests (as applicable) in the applicable Class. In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date. If and to the extent that there are Disputed Claims or Disputed Interests, distributions on account of any such Disputed Claims or Disputed Interests shall be made pursuant to the provisions set forth in Article VII hereof. Except as otherwise provided in the Plan, Holders of Claims or Interests shall not be entitled to interest, dividends, or accruals on the distributions provided for in the Plan, regardless of whether such distributions are delivered on or at any time after the Effective Date.

**6.3. Delivery of Distributions and Undeliverable or Unclaimed Distributions**

6.3.1 Delivery of Distributions

Except as otherwise provided herein, the Debtor shall make distributions to Holders of Allowed Claims and Allowed Interests on or after the Effective Date at the address for each such Holder as indicated on the Debtor's records as of the date of any such distribution; *provided, however*, that the manner of such distributions shall be determined at the discretion of the Debtor; *provided further, however*, that the address for each Holder of an Allowed Claim shall be deemed to be the address set forth in any Proof of Claim Filed by that Holder.

6.3.2 Minimum Distributions

Notwithstanding any other provision of the Plan, the Debtor will not be required to make distributions of Cash less than $100 in value, and each such Claim to which this limitation applies

shall be settled and enjoined and its Holder is forever barred from asserting that Claim against the Debtor, the Estate, or their property.

6.3.3 Undeliverable Distributions and Unclaimed Property

In the event that any distribution to any Holder is returned as undeliverable, no distribution to such Holder shall be made unless and until the Debtor has determined the then-current address of such Holder, at which time such distribution shall be made to such Holder without interest; *provided*, *however*, that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of ninety (90) days from the date the Debtor receives notice that such distributions was undeliverable. After such date, all unclaimed property or interests in property shall revert to the Estate automatically and without need for a further order by the Bankruptcy Court (notwithstanding any applicable federal, provincial, or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim of any Holder to such property or Interest in property shall be forever barred.

**6.4. Compliance with Tax Requirements**

In connection with the Plan, to the extent applicable, the Debtor shall comply with all tax withholding and reporting requirements imposed on them by any Governmental Unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. Notwithstanding any provision in the Plan to the contrary, the Debtor shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including liquidating a portion of the distribution to be made under the Plan to generate sufficient funds to pay applicable withholding taxes, withholding distributions pending receipt of information necessary to facilitate such distributions, or establishing any other mechanisms they believe are reasonable and appropriate. The Debtor reserves the right to allocate all distributions made under the Plan in compliance with applicable wage garnishments, alimony, child support, and other spousal awards, liens, and encumbrances.

**6.5. Allocations**

Distributions in respect of Allowed Claims shall be allocated first to the principal amount of such Claims (as determined for federal income tax purposes) and then, to the extent the consideration exceeds the principal amount of the Claims, to any portion of such Claims for accrued but unpaid interest.

**6.6. No Post-petition Interest on Claims**

Unless otherwise specifically provided for in the Plan or the Confirmation Order, or required by applicable bankruptcy and non-bankruptcy law, post-petition interest shall not accrue or be paid on any prepetition Claims against the Debtors, and no Holder of a prepetition Claim against the Debtors shall be entitled to interest accruing on or after the Petition Date on any such prepetition Claim.

**6.7. Setoffs and Recoupment**

Except as expressly provided in this Plan, the Debtor may, pursuant to section 553 of the Bankruptcy Code, set off and/or recoup against any Plan distributions to be made on account of any Allowed Claim, any and all claims, rights, and Causes of Action that the Debtor may hold against the Holder of such Allowed Claim to the extent such setoff or recoupment is either (1) agreed in amount among the Debtor and Holder of Allowed Claim or Allowed Interest or (2) otherwise adjudicated by the Bankruptcy Court or another court of competent jurisdiction; *provided*, *however*, that neither the failure to effectuate a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any and all claims, rights, and Causes of Action the Debtor may possess against the applicable Holder. In no event shall any Holder of Claims against, or Interests in, the Debtor be entitled to recoup any such Claim or Interest against any claim, right, or Cause of Action of the Debtor unless such Holder actually has performed such recoupment and provided notice thereof in writing to the Debtor on or before the Effective Date, notwithstanding any indication in any Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of recoupment.

## ARTICLE VII
## PROCEDURES FOR RESOLVING CONTINGENT, UNLIQUIDATED AND DISPUTED CLAIMS

**7.1. Allowance of Claims**

After the Effective Date, the Debtor shall have and retain any and all rights and defenses the Debtor had with respect to any Claim or Interest immediately before the Effective Date.

**7.2. Claims Objection Deadline**

Unless otherwise ordered by the Bankruptcy Court, the Debtor shall retain authority to object to any Claim by the Claims Objection Deadline.

**7.3. Estimation of Claims**

Before or after the Effective Date, the Debtor may (but is not required to) at any time request that the Bankruptcy Court estimate any Claim that is contingent or unliquidated pursuant to section 502(c) of the Bankruptcy Code for any reason, regardless of whether any party previously has objected to such Claim or Interest or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any such Claim or Interest, including during the litigation of any objection to any Claim or Interest or during the appeal relating to such objection. Notwithstanding any provision otherwise in the Plan, a Claim that has been expunged, but that either is subject to appeal or has not been the subject of a Final Order, shall be deemed to be estimated at zero dollars, unless otherwise ordered by the Bankruptcy Court. In the event that the Bankruptcy Court estimates any contingent or unliquidated Claim or Interest, that estimated amount shall constitute a maximum limitation on such Claim or Interest for all purposes under the Plan (including for purposes of distributions), and the Debtor may elect to pursue any supplemental proceedings to object to any ultimate distribution on such Claim or Interest.

**7.4. Adjustment to Claims without Objection**

Any Claim or Interest that has been paid or satisfied, or any Claim or Interest that has been amended or superseded, cancelled or otherwise expunged (including pursuant to the Plan), may be adjusted or expunged (including on the Claims Register, to the extent applicable) by the Debtor without a Claims objection having to be Filed and without any further notice to or action, order or approval of the Bankruptcy Court.

**7.5. Disallowance of Claims**

7.5.1 Any Claims or Interests held by entities from which property is recoverable under section 542, 543, 550, or 553 of the Bankruptcy Code, or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code, and Holders of such Claims or Interests may not receive any distributions on account of such Claims until such time as such Causes of Action against that entity have been settled or a Bankruptcy Court order with respect thereto has been entered and all sums due, if any, to the Debtor by that entity have been turned over or paid to the Estate.

7.5.2 **Except as provided herein or otherwise agreed, any and all Proofs of Claims Filed after the Bar Date shall be deemed disallowed and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and Holders of such Claims may not receive any distributions on account of such Claims, unless on or before the Confirmation Hearing such late Claim has been deemed timely Filed by a Final Order**.

**7.6. No Distributions Pending Allowance**

If an objection to a Claim or portion thereof is Filed, no payment or distribution provided under the Plan shall be made on account of such Claim or portion thereof unless and until such Disputed Claim becomes an Allowed Claim.

**7.7. Distributions after Allowance**

To the extent that a Disputed Claim ultimately becomes an Allowed Claim or Allowed Interest, distributions (if any) shall be made to the Holder of such Allowed Claim or Allowed Interest (as applicable) in accordance with the provisions of the Plan. As soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing any Disputed Claim or Disputed Interest becomes a Final Order, the Debtor shall provide to the Holder of such Claim or Interest the distribution (if any) to which such Holder is entitled under the Plan as of the Effective Date, without any interest, dividends, or accruals to be paid on account of such Claim or Interest unless required under applicable bankruptcy law.

# ARTICLE VIII
# SETTLEMENT, RELEASE, INJUNCTION AND RELATED PROVISIONS

## 8.1. Settlement, Compromise, and Release of Claims and Interests

Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, on the Effective Date, the provisions of the Plan shall constitute a good-faith compromise and settlement of all Claims, Interests, Causes of Action, and controversies released, settled, compromised, or otherwise resolved pursuant to the Plan. The Plan shall be deemed a motion to approve the good-faith compromise and settlement of all such Claims, Interests, Causes of Action, and controversies pursuant to Bankruptcy Rule 9019, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromise and settlement under section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, as well as a finding by the Bankruptcy Court that such settlement and compromise is fair, equitable, reasonable, and in the best interests of the Debtor and the Estate. Subject to Article VI hereof, all distributions made to Holders of Allowed Claims and Allowed Interests (as applicable) in any Class are intended to be and shall be final.

## 8.2. Release of Liens

**Except as otherwise provided in the Plan, or any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date and required to be satisfied pursuant to the Plan, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estate shall be fully released, settled, compromised, and satisfied, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert automatically to the Debtor and its successors and assigns. Any Holder of such Secured Claim (and the applicable agents for such Holder) shall be authorized and directed to release any collateral or other property of the Debtor (including any cash collateral and possessory collateral) held by such Holder (and the applicable agents for such Holder), and to take such actions as may be reasonably requested by the Debtor to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases. The presentation or filing of the Confirmation Order to or with any federal, state, provincial, or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens**.

## 8.3. Injunction

8.3.1 **Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all entities who have held, hold, or may hold Claims or interests that have been released, satisfied, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims**

**or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such entities or the property or the estates of such entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such entities or against the property of such entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan**.

8.3.2 **Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, principals, and direct and indirect affiliates shall be enjoined from taking any actions to interfere with the implementation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article of the Plan**.

## 8.4. Term of Injunctions or Stays

Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the chapter 11 case pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

## 8.5. Exculpation

Effective as of the Effective Date, to the fullest extent permissible under applicable law and except as otherwise specifically provided in the Plan, the Exculpated Parties are hereby released and exculpated from any claim, obligation, Cause of Action, or liability for any act taken or omission occurring on or after the Petition Date in connection with or related to the Debtor, the Estate, the chapter 11 case, including but not limited to (i) formulating, preparing, disseminating, implementing, confirming, consummating or administering the Plan (including soliciting acceptances or rejections thereof); (ii) any contract, instrument, release or other agreement or document entered into any action taken or omitted to be taken during the administration of this chapter 11 Case or in connection with the Plan; and (iii) any distributions made pursuant to the Plan; (iv) the negotiation, formulation or preparation of the purchase agreement, any credit bid agreement and the Sale of the Assets.

# ARTICLE IX
# RETENTION OF JURISDICTION

## 9.1. Retention of Jurisdiction

The Bankruptcy Court may retain jurisdiction until the chapter 11 case is closed to: (i) ensure that the Plan is consummated; (ii) resolve all matters arising under or relating to the Plan, including, without limitation, the enforcement, interpretation thereof; (iii) allow, disallow, determine, liquidate, classify or establish the priority, secured or unsecured status of any Claim; (iv) grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan; (v) decide or otherwise resolve any and all applications, motions, adversary proceedings, contested or litigated matters, and any other matters or grant or deny any applications involving the Debtor that may be pending on the Effective Date; (vi) enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments and other agreements or documents created in connection with the Plan or to enforce all orders, judgments, injunctions and rulings entered in connections with the bankruptcy case; (vii) issue any orders or take such other actions as may be necessary or appropriate to restrain interference by any person or entity with consummation or enforcement of the Plan; and enter an Order or Final Decree concluding the bankruptcy case.

# ARTICLE X
# CONDITIONS PRECEDENT TO CONSUMMATION OF THE PLAN

## 10.1. Conditions to the Effective Date

It shall be a condition to the Effective Date of the Plan that the following conditions shall have been satisfied or waived:

a. the Bankruptcy Court shall have entered the Confirmation Order, which shall be in form and substance acceptable to the Debtor, and the Confirmation Order shall have become a Final Order;

b. All actions, documents, and agreements necessary to implement and consummate this Plan and the transactions and other matters contemplated thereby shall have been effected or executed;

c. All governmental and third-party approvals and consents, including Bankruptcy Court approval, necessary in connection with the transactions contemplated by this Plan, if any, shall have been obtained, not be subject to unfulfilled conditions, and be in full force and effect, and all applicable waiting periods shall have expired without any action being taken or threatened by any competent authority that would restrain, prevent, or otherwise impose materially adverse conditions on such transactions.

## 10.2. Waiver of Conditions

The conditions to consummation set for herein may be waived by the Debtor, without notice, leave or order of the Bankruptcy Court or any formal action other than proceeding to confirm or consummate the Plan.

## ARTICLE XI
## CLOSING THE CASE

### 11.1. Discharge

The Debtor, as a small business having filed a subchapter V case, shall receive a discharge of debts as follows:

a. **If the Plan is confirmed under § 1191(a)**, on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d) of the Bankruptcy Code; or

b. **If the Plan is confirmed under § 1191(b)**, as soon as practicable after completion by the Debtor of all payments due under the Plan, unless the court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the court shall grant the Debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in this Plan, except any debt—

i. on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or

ii. if applicable, of the kind specified in section 523(a) of this title.

### 11.2. Post-Confirmation Reporting

The Debtor, as a small business having filed a subchapter V case, is not required to file reports with the Bankruptcy Court after the Confirmation Date.

### 11.3. Closing the Case

When all Disputed Claims have become Allowed or Disallowed and all remaining Cash has been distributed in accordance with the Plan, other than payments to the Holders of Priority Tax Claims and Secured Tax Claims, the Debtor may request the Bankruptcy Court enter a final decree closing the chapter 11 case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

## ARTICLE XII
## MISCELLANEOUS PROVISIONS

### 12.1. Substantial Consummation

12.1.1 "Substantial Consummation" of the Plan, as defined in 11 U.S.C. §§ 1101 and 1127, shall be deemed to occur on the Effective Date.

**12.2. Immediate Binding Effect**

Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor and any and all Holders of Claims or Interests (irrespective of whether their Claims or Interests are deemed to have accepted the Plan), all entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan, each entity acquiring property under the Plan and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor.

**12.3. Successors and Assigns**

The rights, benefits, and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each entity.

**12.4. Notices**

To be effective, all notices, requests and demands to or upon the Debtor shall be in writing (including by facsimile transmission). Unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed to the following:

**WHITE AND WILLIAMS LLP**
810 Seventh Avenue, Suite 500
New York, NY 10019
(212) 244-9500
Attention: James C. Vandermark
vandermarkj@whiteandwilliams.com

**12.5. Entire Agreement**

Except as otherwise indicated, the Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which become merged and integrated into the Plan.

**12.6. Non-Severability of Plan Provisions**

The provisions of the Plan, including its release, injunction, exculpation and compromise provisions, if any, are mutually dependent and non-severable. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (1) valid and enforceable pursuant to its terms; (2) integral to the Plan and may not be deleted or modified without the consent of the Debtor consistent with the terms set forth herein; and (3) non-severable and mutually dependent.

### 12.7. Votes Solicited in Good Faith

Upon entry of the Confirmation Order, the Debtor will be deemed to have solicited votes on the Plan in good faith and in compliance with the Bankruptcy Code, and pursuant to section 1125(e) of the Bankruptcy Code, the Debtor and each of its affiliates, agents, representatives, members, principals, shareholders, officers, directors, employees, advisors, and attorneys will be deemed to have participated in good faith and in compliance with the Bankruptcy Code in the offer, issuance, sale, and purchase of Assets offered and sold under the Plan, if any, and any previous plan and, therefore, no such parties will have any liability for the violation of any applicable law, rule, or regulation governing the solicitation of votes on the Plan or the offer, issuance, sale, or purchase of the Assets offered and sold under the Plan, if any.

### 12.8. Waiver or Estoppel

Each Holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, Secured or not subordinated by virtue of an agreement made with the Debtor, or any other Entity, if such agreement was not disclosed in the Plan, or papers Filed with the Bankruptcy Court before the Confirmation Date.

### 12.9. Conflicts

Except as set forth in the Plan, to the extent that any provision of the Filings, or any other order (other than the Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan, the Plan shall govern and control. In the event of an inconsistency between the Confirmation Order and the Plan, the Confirmation Order shall control.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

*Respectfully submitted,*

IDL COMMUNICATIONS AND ELECTRIC INC.

Dated: New York, New York
September 18, 2024

*/s/ Paul Vieira*
Paul Vieira, President

WHITE AND WILLIAMS LLP

*/s/ James C. Vandermark*
Heidi J. Sorvino, Esq.
James C. Vandermark, Esq.
Travis Powers, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
sorvinoh@whiteandwilliams.com
vandermarkj@whiteandwilliams.com
powerst@whiteandwilliams.com

*Counsel to the Debtor*
*And Debtor in Possession*

**Exhibit 3.13**

**(Liquidation Analysis)**

[See plan supplement to be subsequently submitted]

**Exhibit 3.14**

**(Schedule of Anticipated Plan Distributions)**

[See plan supplement to be subsequently submitted]

**Exhibit 4.1**

**(Schedule of Anticipated Disposable Income)**

[See plan supplement to be subsequently submitted]

**Exhibit 5.1**

**(List of Assumed Executory Contracts and Leases)**

| Name of non-debtor counterparty | Contract/Lease Description | Cure Amount |
|---|---|---|
| SHS Glenwood LLC | Lease for 4710 Glenwood Rd., Unit 1404 | $0.00 |
| SHS Glenwood LLC | Lease for 4710 Glenwood Rd., Unit 1168 | $0.00 |
| Extra Space Storage | Lease for 5601 Foster Ave., Unit 2052 | $0.00 |